NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES R. JACKSON, Jr.; SUZETTE JACKSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PACIFIC UNION FINANCIAL, LLC, DBA Clearvision Funding; FANNIE MAE, as Trustee for securitized trust guaranteed Remic 2014-2019 trust; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE LLC, AKA Pacific Union Financial; DOES, Unknown; 1 through 100, <br><br> Defendants-Appellees. | No. 23-55811 <br><br> D.C. No. 3:23-cv-01285-CAB-BLM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted May 21, 2025**

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James R. Jackson, Jr. and Suzette Jackson appeal pro se from the district court's order dismissing their foreclosure-related action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of the Jacksons' action was proper because the Jacksons failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) (holding that a defect in an assignment of a deed of trust into a securitized trust is not void, but merely voidable, and that borrowers lack standing to challenge such assignments).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Jacksons' "motion for order to define 2924m(a)(1)" (Docket Entry No. 21) is denied.

**AFFIRMED.**